

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 08-30035 |
| Plaintiff, | |
| -vs- | ORDER |
| RONALD TAKES THE KNIFE, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant filed a motion to sever counts for trial. The motion was heard by the magistrate judge pursuant to the Court's order fixing dates. Magistrate Moreno denied the motion. Defendant filed an appeal and a motion, Doc. 20, for reconsideration.

Pursuant to 28 U.S.C. § 636, the district court may reconsider a pretrial discovery matter "where it has been shown that the magistrate's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). The magistrate's decision is not clearly erroneous but is in conformity with the law. Defendant is charged with sexually abusing two different victims. He contends that Count I was improperly joined in the same indictment with Counts II - VI, in violation of Fed. R. Crim. P. 8(a). Alternatively, he seeks a severance of the counts and a separate trial as to each victim pursuant to Fed. R. Crim. P. 14(a).

Joinder of offenses is proper under Fed. R. Crim. P. 8(a) where the offenses charged "are of the same or similar character or are based upon the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan." "Where the offenses are similar in character, occurred over a relatively short period of time and the evidence overlaps, joinder is ordinarily appropriate." United States v. Running Horse, 175 F.3d 635, 637 (8th Cir. 1999). The magistrate's determination that the offenses were properly joined is not erroneous.

Even though the offenses were properly joined, the district court may nonetheless order separate trials of the counts "[i]f it appears that a defendant or the government is prejudiced by a

joinder of offenses." Fed. R. Crim. P. 14. A defendant does not suffer any undue prejudice by a joint trial if the evidence is such that one crime would be probative and admissible at the defendant's separate trial of the other crime. United States v. Davis, 103 F.3d 660, 676 (8th Cir. 1996). Even if the Court were to sever the counts, the evidence from the various counts would be admissible in separate trials under Fed. R. Evid. 414. Rule 414 "permit[s] the jury to consider a defendant's prior bad acts in the area of sexual abuse or child molestation for the purpose of showing propensity." United States v. Benais, 460 F.3d 1059, 1063 (8th Cir. 2006) (*citing* United States v. LeCompte, 131 F.3d 767, 769 (8th Cir.1997)). Defendant has not shown that he will be unfairly prejudiced if severance is denied.

Finally, the defendant contends that failure to sever the counts would result in prejudice "if" he wishes to testify on one count but not another. Defendant has failed to present any information "regarding the nature of the testimony he wishes to give on one count and his reason for not wishing to testify on the other" to enable the Court to consider his claim of prejudice. United States v. Ballis, 28 F.3d 1399, 1408 (5th Cir. 1994). *Accord*, United States v. Sampson, 385 F.3d 183, 191 (2nd Cir. 2004). *See also*, United States v. Crumley, ___ F.3d ___, ___, 2008 WL 2369646 (8th Cir. June 12, 2008) (It is not enough "for a defendant to claim . . . that he needed a separate trial in order to call a co-defendant as a witness. He must show that it is likely his co-defendant would have testified and that the testimony would have been exculpatory." )

Now, therefore,

IT IS ORDERED that the appeal and the motion, Doc. 20, to reconsider the magistrate's order denying the motion to sever is denied.

Dated this 25th day of June, 2008.

BY THE COURT:

*(signature)*
CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: *(signature)*
          DEPUTY
    (SEAL)

2