

**UNITED STATES DISTRICT COURT**

**DISTRICT OF SOUTH DAKOTA**

**CENTRAL DIVISION**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | \* | CR. 08-30035-CBK |
| Plaintiff, | \* | |
| -vs- | \* | REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS MULTIPLICITOUS INDICTMENT OR COMPEL ELECTION BETWEEN COUNTS II THROUGH VI |
| RONALD TAKES THE KNIFE | \* | |
| Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant, Ronald Takes The Knife, has filed a Motion to Dismiss Multiplicitous Indictment or Compel Election Between Counts II Through VI and a Memorandum in support thereof, Docket Nos. 26, 27. In his Motion, Defendant claims that Counts II through VI of the Indictment are multiplicitous and defective. He contends that these five counts relate to the same course of conduct and expose him to impermissible cumulative punishments in violation of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. He further maintains that the multiplicitous Indictment will have a prejudicial effect upon the jury and suggest that he committed not one, but several crimes. This effect, he argues, will increase the likelihood of him being convicted of one or more of the charged offenses. He seeks, by way of relief, an order dismissing Counts II through VI, or in the alternative, compelling the Government to either consolidate these Counts or elect between them.

The Government has filed a Memorandum in Opposition to Defendant's Motion, resisting the same. Docket No. 29. Because the Motion is a dispositive one, this Court is

only authorized to determine the same on a report and recommendation basis. Pursuant to 28 U.S.C. §636(b)(1), the Court does now make and propose the following report and recommendation for disposition of the Motion.

I.

The Government alleges that between June 19, 1999 and June 18, 2000, J.M.T.T.K., a female child, was staying with Defendant at his house in Eagle Butte, South Dakota. During the first night of this visit, Defendant is alleged to have touched J.M.T.T.K's vagina with his hand and penis. These sexual acts are the gravamen for Count II (hand to genital area contact) and Count III (penis to vulva contact). On another night during this stay, Defendant allegedly engaged in a sexual act with J.M.T.T.K. during which his penis had contact with the child's vulva, resulting in the charge found in Count IV. Shortly after this happened, Defendant's penis allegedly again had contact with J.M.T.T.K.'s vulva, as is described in Count V. Counts II through V all charge violations of 18 U.S.C. §§1153, 2241(c) and 2246(2). Count VI, the last Count in the Indictment, charges Defendant with incest (sexual penetration with his daughter) under 18 U.S.C. §1153 and SDCL §§ 22-1(6) and 25-1-6.

II.

A multiplicitous indictment is one that charges a single offense in multiple counts. United States v. Worthon, 315 F.3d 980, 983 (8th Cir. 2003); United States v. Webber, 255 F.3d 523, 527 (8th Cir. 2001). The principal danger of multiplicity is that is may lead to a defendant receiving multiple punishments for a single offense. United States v. Roy, 408

F.3d 484, 492 (8th Cir. 2005); see also United States v. Chipps, 410 F.3d 438, 447 (8th Cir. 2005).

"Stating the rule against multiplicity is a relatively simple proposition; discerning the proper judicial test for implementing the rule is, however, more difficult." United States v. Christner, 66 F.3d 922, 927 (8th Cir. 1995). Two distinct tests have emerged in determining whether Congress intended to allow for cumulative punishments of statutory violations: (1) the "Blockberger" test and (2) the "unit of prosecution" test. See e.g. Whalen v. United States, 445 U.S. 684, 691-92 (1980) (employing the "Blockberger" test in determining whether multiple punishments are allowed when the defendant violates two statutes); Ladner v. United States, 358 U.S. 169, 177 (1958) (employing the "unit of prosecution" test in determining whether multiple punishments are proper when the defendant commits two violations of the same statute). While both tests focus on Congressional intent, there is a clear rule governing which test is to be used when reviewing multiplicity/double jeopardy claims.

When there is ambiguity as to whether a violation of two different statutory provisions constitutes separate offenses allowing for multiple punishments, courts apply the rule of statutory construction set forth in Blockberger v. United States, 284 U.S. 299, 304 (1932). See Whalen, 445 U.S. at 691-92. The Supreme Court in Blockberger observed that "[w]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not. Blockberger, 284 U.S. at 304 (emphasis added); see also Rutledge v. United States, 517 U.S. 292, 297 (1996);

Missouri v. Hunter, 459 U.S. 359, 366-67 (1983). The "Blockberger" test embodies the presumption that Congress "ordinarily does not intend to punish the same offense under two different statutes." Whalen, 445 U.S. at 691-92. The test is used only when the defendant is charged with violating two separate statutory provisions. Christner, 66 F.3d at 927-28 & n. 7.

When a defendant is charged with two violations of the same statute, courts determine what act Congress intended as the "unit of prosecution" under the statute in question. See Sanabria v. United States, 437 U.S. 54, 70, n.24 (1978); Bell v. United States, 349 U.S. 81, 83-84 (1955); see also Chipps, 410 F.3d at 447. The relevant inquiry is whether the conduct in question was intended to give rise to more than one offense under the same statutory provision. See United States v McLaughlin, 164 F.3d 1, 14 (D.C. Cir. 1998), cert. denied, 526 U.S. 1079 (1999); see also United States v. Rimell, 21 F.3d 281, 287 (8th Cir.), cert. denied, 513 U.S. 976 (1994). Stated another way, a court must decide whether Congress intended to punish a course of conduct or individual acts within the same episode. See Chipps, 410 F.3d at 448. The issue remains one of Congressional intent, and courts look to the language of the statute, legislative history and the statutory scheme itself to ascertain what the "unit of prosecution" was intended to be. Ladner, 358 U.S. at 178; Chipps, 410 F.3d at 448; United States v. Two Elk, No. 07-3491, 2008 WL 2967059 at *5 (8th Cir. Aug. 5, 2008). If Congress fails to establish the unit of prosecution clearly and unambiguously, rather than applying the principles enunciated in Blockberger, courts resort to the rule of lenity wherein any doubts will be resolved in favor of the defendant. Bell, 348 U.S. at 83-84; Two Elk, 2008 WL 2967059 at *5.

III.

Defendant's multiplicity/double jeopardy claim, as to Counts II through V of the Indictment, appears to be foreclosed by the Eighth Circuit's recent decision in Two Elk, 2008 WL 2967059 at **4-6. Like Defendant here, the defendant in Two Elk was charged with aggravated sexual abuse under §2241(c). In response to a Double Jeopardy Clause contention premised on multiplicity, the Two Elk Court concluded that:

> §2241(c)'s language confirms that aggravated sexual abuse is a separate-act offense. The plain language of §2241(a) states that a person commits aggravated sexual abuse by "engag[ing] in a sexual act with another person." ([E]mphasis added). The statute does not say "sexual act or acts" or "sexual course of conduct." Each of the permutations enumerated in §2246(2) constitutes a sexual act and they are linked in the disjunctive. It follows, then, that engaging in multiple sexual acts (as listed in §2242(2)) would amount to multiple violations of §2241(c) and would leave the perpetrator susceptible to multiple punishments thereunder. Unlike Chipps, this reading does not break an assaultive episode down into absurd quanta, (e.g., kicking and punching during a single incident). Thus, the "simple assault" charged in Chipps, see 18 U.S.C. §113(a)(5), can be distinguished from the sexual acts charged here under §2246(2).[1]

Id. at *6. The Court, citing United States v. Bercier, 506 F.3d 625, 634 (8th Cir. 2007), observed that "[a] number of cases have held that state court convictions for multiple sex offenses did not violate the Double Jeopardy Clause if, under state law, 'a defendant may receive multiple punishments for numerous sex offenses rapidly committed with the sole aim of sexual gratification.'" Id. (quoting Rhoden v. Rowland, 10 F.3d 1457, 1462 (9th Cir. 1993)). The Court went on to say that "in light of Bercier's tone and its reference to the state

---

[1] The Court also noted that "[t]he statutory language at issue in Chipps addressed 'simple assault' without breaking that conduct into separate, disjunctive acts while §2246(2) details the various types of 'sexual act' addressed by §2241(c)." 2008 WL 2967059 at *6, n. 11.

5

decisions holding various sex acts within a single course of conduct to be separate offenses, the case provides some support for our interpretation of §2241." 2008 WL 2967059 at *6.

The alleged sexual acts Defendant committed with J.M.T.T.K. were separate and distinct. Defendant allegedly touched the child's genital area with his hand in Count II, and then later in the same incident, is alleged to have touched her vagina with his penis, which gave rise to Count III. On a subsequent night, under a separate impulse, the Government avers that Defendant's penis had contact with the child's vagina. This sexual contact is the basis for Count IV. A short time later, Defendant's penis again supposedly had contact with the child's vagina, resulting in the offense charged in Count V. These factually distinct and temporally separate criminal acts, brought under two of §2246(2)'s four provisions, may be charged out and sentenced on individually. Two Elk, 2008 WL 2967059 at *5-6. Defendant's claim, therefore, is without merit and provides him with no grounds for the relief he seeks.

IV.

Defendant also claims that Count VI should be dismissed on multiplicity/double jeopardy grounds. This claim is without any legal basis and it, too, must fail.

The incest offense charged in Count VI is separate and distinct from the aggravated sexual abuse offenses charged in Counts II through V. The incest charge requires proof that J.M.T.T.K. was Defendant's daughter, while the sexual abuse charges do not. Because incest requires proof of an additional fact that sexual abuse does not, the rule in Blockberger makes clear that separate offenses are involved and that the Double Jeopardy Clause has not been


infringed (i.e. that defendant has not been put in jeopardy of receiving multiple punishments for the same offense).

V.

Finally, the Court rejects Defendant's contention that the alleged multiplicitous counts will somehow taint the jury's deliberations and thereby prejudice him. Any risk of undue prejudice can be alleviated by well-crafted instructions to the jury that require that the charges be considered separately. See Chipps, 410 F.3d at 449; Roy, 408 F.3d at 491-92. Jurors are presumed to follow the instructions given to them, see e.g. Weeks v. Angelone, 528 U.S. 225, 234 (2000), and proper instructions can insure in this case that the jury's verdict is based on the evidence, and not on the fact that Defendant, alone, is charged with multiple offenses.

VI.

The Court therefore finds and concludes that Counts II through VI of the Indictment are not multiplicitous and do not violate the Fifth Amendment's Double Jeopardy Clause and that, as such, the Government may proceed with, and require that Defendant go to trial on, these five charges. Accordingly, it is hereby

RECOMMENDED that Defendant's Motion to Dismiss Multiplicitous Indictment or Compel Election Between Counts II through VI, Docket No. 26, be denied.

Dated this 7th day of August, 2008, at Pierre, South Dakota.

<div style="text-align: right">

**BY THE COURT:**

/s/ Mark A. Moreno
_____
**MARK A. MORENO**
**UNITED STATES MAGISTRATE JUDGE**

</div>

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
         Deputy
(SEAL)

<div style="text-align: center">NOTICE</div>

Failure to file written objections to the within and foregoing Report and Recommendation within ten (10) days from the date of service thereof shall bar an aggrieved party from attacking the Report and Recommendation before the assigned United States District Judge. See 28 U.S.C. § 636(b)(1).